O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Case No. EDCR 11-0001-VAP |
| Plaintiff-Appellee, | ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| JOSEPH KELLY BACA, | ) ) | |
| Defendant-Appellant | ) ) | |
| _____ | ) | |

### I. BACKGROUND

Appellant Joseph Baca ("Appellant") pled guilty to a one-count information on November 30, 2010, charging him with violation of 18 U.S.C. § 701, possession of a false military identification card, a Class B misdemeanor. (Doc. No. 10.)[1]  Appellant now appeals from the sentence imposed by the United States Magistrate Judge on that conviction.

_____

[1] Unless otherwise noted, all citations to the docket in this Memorandum Opinion refer to the docket in United States v. Joseph Kelly Baca, EDCV 10-00064 DTB.

Appellant first was sentenced on December 1, 2010, to a term of six months incarceration and three years probation. (Doc. Nos. 22, 33.) On December 8, 2010, the Government filed a Motion to Correct Sentence (Doc. No. 18), and Appellant was resentenced on December 14, 2010, to a three-year term of probation, with 16 listed terms and conditions, including 90 days imprisonment, split into two 45-day terms. (Doc. No. 23.) Appellant now appeals from certain of the conditions of his term of probation.[2]

Appellant filed his Opening Brief ("AOB") on February 25, 2011; Government-Appellee filed its Response Brief ("RB") on February 25, 2011, and Appellant filed his Response Brief ("Response") on March 3, 2011. The Court took the matter under submission without argument.

## II.   ISSUES ON APPEAL

Appellant does not challenge his conviction; rather, he challenges the condition of probation consisting of the imposition of 90 days of imprisonment, split into two 45-day periods, and eight of the other conditions of probation imposed. Appellant served 56 of the 90 days of imprisonment imposed; he applied <u>ex parte</u> for relief from

---

[2]Appellant originally filed this appeal in the United States Court of Appeals for the Ninth Circuit (Doc. No. 21), but upon that Court's notification that it lacked jurisdiction over the matter, it was transferred to this Court. (Doc. No. 28.)

serving the remainder of the custody portion of his
sentence pending this appeal and this Court granted that
ex parte application.  (Doc. Nos. 4, 10.)

     In addition to the manner in which the 90 day term of
imprisonment was to be served, i.e., two 45-day periods,
the other conditions of probation from which this appeal
is taken are:

     #6   The [Appellant] shall avoid all contact,
          directly or indirectly, with any person who is
          or who may become a victim or potential witness
          in the subject investigation or prosecution,
          including but not limited to [the then-14-year-
          old female identified in the closed San
          Bernardino Police Department criminal
          investigation];

     #10  [Appellant] shall participate in a psychological
          counseling and/or psychiatric assessment, as
          approved and directed by the Probation Officer.
          The [Appellant] shall abide by all rules,
          requirements, and conditions of such program,
          including submission to risk assessment,
          evaluations, and physiological testing, such as
          polygraph and Abel testing;[3]

---

[3]On February 7, 2011, the Court granted Appellant's
ex parte application for a stay of enforcement of this
                                        (continued...)

3

#11 [Appellant] shall not possess or have access to either in the home, the workplace, or any other location, any device which offers internet access, except as approved by U.S. Probation in conjunction with the U.S. Marshal;

#12 [Appellant] shall not associate or have verbal, written, telephonic or electronic communication with any person who is less than the age of 18 except in the presence of another adult who is the parent or legal guardian of the minor, except with respect to his own minor children;

#13 [Appellant] shall not loiter/be found within 100 feet of any school yard, park playground, arcade or other place primarily used by children under the age of 18, except with respect to the education and care of his own minor children;

#14 [Appellant] shall not be employed by, affiliate with, own, control, or otherwise participate directly or indirectly in conducting the affairs of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18, including employment by or affiliation with the Cadet [Corps];

---

[3](...continued)
condition pending resolution of this appeal.  (Doc. No. 18.)

4

1   #15 [Appellant] shall not view or possess child

2       pornography or child erotica.  In order to

3       determine compliance, [appellant] will agree to

4       submit to a search of his person and/or

5       property, including computer hardware and

6       software; and

7   #16 [Appellant] shall submit to a search, at any

8       time, with or without a warrant, and by any law

9       enforcement or probation officer, of the

10      [appellant's] person and any property, house,

11      residence, vehicle, papers, computer, other

12      electronic communications or data storage

13      devices or [media], and effects upon reasonable

14      suspicion concerning a violation of a condition

15      of supervision or unlawful conduct by the

16      [appellant] or by any probation officer in the

17      lawful discharge of the officer's supervision

18      functions.

19  (Doc. No. 23.)

20

21              **III.   STANDARD OF REVIEW**

22      The parties agree that the Court must employ an abuse

23  of discretion standard of review when considering the

24  validity of conditions of probation imposed by a

25  sentencing judge.  (AOB at 11; RB at 4.)  <u>See</u> <u>United</u>

26  <u>States v. Clark</u>, 918 F.2d 843, 847 (9th Cir. 1990)

27

28

(overruled on other grounds by <u>United States v. Keys</u>, 95 F.3d 874 (9th Cir. 1996)).

### IV.  DISCUSSION

**A.  Probation Condition No. 4: 90 days of incarceration, to be served in two 45-day periods**

As the fourth condition of probation, Appellant was sentenced to a total of 90 days in custody, to be served "in two (2) forty five (45) day intervals with a fourteen (14) day break in between . . . ." (Doc. No. 23.)

Appellant argues this condition violated 18 U.S.C. § 3563(b), which permits as a condition of probation a sentence to the custody of the Bureau of Prisons "during nights, weekends, or other intervals of time, . . . ."

In <u>United States v. Forbes</u>, 172 F.3d 675 (9th Cir. 1999), the trial court sentenced the defendant to five years probation and six months imprisonment.  The Ninth Circuit reversed and remanded for resentencing, because the statute precluded a sentence of both probation and straight imprisonment, and "a straight sentence of six months is not the intermittent incarceration that this statute permits." <u>Id.</u> at 676.  Although Appellant here was sentenced to a shorter term than the defendant in <u>Forbes</u>, a 90-day term, or even a 45-day term, is not the sort of intermittent interval of time permitted under 18

U.S.C. § 3563(b).  For example, in <u>United States v. Mize</u>, a Magistrate Judge sentenced the defendant to a one-year term of probation with a special condition of 30 days incarceration; the District Court reversed and remanded, finding a 30-day period of confinement did not qualify as an "other interval of time" under § 3563(b).  No. 97-40059-01-RDR, 1998 WL 160862, at *2 (D. Kan. Mar. 18, 1998).  After reviewing the statute's legislative history, the District Court in <u>Mize</u> concluded that although this section "could be used, for example, to provide a brief period of confinement, <u>e.g.</u>, for a week or two, during a work or school vacation[, i]t is not intended to carry forward the split sentence provided in 18 U.S.C. [§] 3651, by which the judge imposes a sentence of a few months in prison followed by probation."  <u>Id.</u>

     The same reasoning applies here.  In fact, the Government did not respond in its brief to Appellant's challenge to this condition of probation.  The Court therefore vacates the sentence as to Condition No. 4 and remands to the Magistrate Judge for resentencing; as Appellant has already served 56 of the 90 days, the Magistrate Judge is directed, as to this condition, to impose a sentence of time served at resentencing.

**B.   Probation Condition Nos. 6 and 10 through 16**

Appellant argues that these eight conditions are not "reasonably related to the nature and circumstances of the offence" of conviction, as Congress intended was necessary for discretionary conditions of probation. (AOB at 12 (citing S. Rep. No 98-225, at 94 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3277.)

The Government correctly points out that sentencing courts have broad discretion in sentencing decisions, including the selection of discretionary conditions of probation.  (RB at 3.)  Pursuant to the federal statutory sentencing scheme, however, discretionary conditions of probation, such as those challenged here, must be "reasonably related to the factors set forth in [18 U.S.C.] section 3553 (a)(1) and (a)(2)" and "involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in [18 U.S.C.] section 3553(a)(2)."  18 U.S.C. § 3563(b).

Furthermore, the Government argues, even if the conditions here restrict some of Appellant's fundamental rights, they are valid because necessary in order to serve the "dual objectives of rehabilitation and public safety.'"  United States v. Gementera, 379 F.3d 596, 600 n.7 (9th Cir. 2004) (citation omitted).

Appellant's offense of conviction, possession of a false military identification card, does not bear a reasonable relationship to the eight conditions of probation quoted above, one of which (number 6) deals with contact with a minor female unrelated in any fashion to the crime of conviction; three of which (numbers 12, 13, and 14) broadly restrict Appellant's contact with minors; another of which (number 11) broadly restricts his use of computers and access to the Internet; and others which (numbers 10, 15, and 16) expressly require him to (a) participate in psychological counseling and assessment including physiological testing, (b) refrain from viewing or possessing child pornography or child erotica, and (c) submit to searches of his person and property.  In order to determine whether these conditions, or any of the conditions imposed, are valid because they are "reasonably related" to the twin goals of rehabilitation and public safety, as set forth in sections 3553 (a)(1) and (a)(2) of Title 18, the Court must examine further the record before the sentencing court.

The Government argues Appellant's criminal history supports the conditions imposed, relying in particular on his arrest in 1991 for kidnapping and lewd and lascivious conduct upon a child under the age of 14.  An arrest, without more, is insufficient to support imposition of

restrictive conditions of probation of the nature at
issue here; this is particularly true given the decades-
old age of the arrest here.  As Appellant points out, in
United States v. T.M., the Ninth Circuit found that a 20-
year-old conviction for kidnapping and sexually molesting
an eight-year-old girl, even when coupled with
accusations of having sex with another minor and criminal
involvement with a convicted sex offender, did not
sufficiently support imposition of similar conditions in
a case where the defendant stood convicted of conspiracy
to distribute marijuana.  330 F.3d 1235, 1240 (9th Cir.
2003).  Accordingly, the Government's reliance on a 20-
year-old arrest, and a closed investigation where no
charges were brought, is of no avail.

    In particular, the Government relies heavily on the
information it cited to the Magistrate Judge at the time
of sentencing regarding an investigation by the San
Bernardino Police Department ("SBPD") into allegations
that Appellant had engaged in sexual conduct with a 14-
year-old girl in early 2010.  The Government does not
dispute Appellant's assertion that the SBPD closed its
investigation several months later (and before Appellant
was arrested on the instant false military identification
charge), finding the accusations unfounded after the
minor recanted.  Instead, the Government simply argues
that the accusations - which resulted in neither an

arrest, nor a prosecution – were "likely" to be well-founded.  (RB at 6.)  Speculation of that nature does not satisfy the standard here, <u>i.e.</u>, a showing that the conditions in question are necessary in order to serve the "dual objectives of rehabilitation and public safety."  <u>Gementera</u>, 379 F.3d at 600 n.7.

Next, the Government argues two other circumstances justify the eight conditions listed above:  Appellant's presence in a military uniform at the school library where one of his children was a student, and Appellant's offer to assist as a chaperone at a school dance.

A parent's offer to assist at a school function does not suffice to justify the intrusive conditions imposed here, nor does Appellant's presence on the grounds of the school his child attended.  At the time the local law enforcement authorities were notified about Appellant's suspected use of false military garb or identification, he was talking to school officials, not school children, and nothing in the information presented at either sentencing or the hearing on the Government's request for pretrial detention suggested otherwise.

Finally, the Government argued at the sentencing, and relies on here, the presence on Appellant's MySpace page on the Internet of "what appears to be a very young Asian

female."  (RB at 7.)   The Government does not even
allege, much less establish, that the pictures in
question are images of a minor, nor does it rebut or
contest Appellant's assertion that they are images of a
fully-clad adult.

     In short, the Government offers the following to
demonstrate the Magistrate Judge did not abuse his
discretion in imposing the challenged conditions of
probation the Government concedes are typically only
imposed on defendants convicted of sexual misconduct
offenses, such as child pornography possession or
distribution:  (1) Appellant's arrest, with no
prosecution or conviction, approximately 20 years
earlier, on charges of kidnapping and lewd and lascivious
conduct with a child; (2) an investigation into an
accusation that Appellant had engaged in sexual conduct
with a 14-year-old female where the SBPD investigators
closed the investigation, concluding the accusation was
"unfounded" after the minor recanted; (3) Appellant's
presence at his son's school and an offer to assist at a
school function; and (4) the presence on Appellant's
website of images of a fully-clad adult female.  Taken
neither singly nor in combination does any of the
evidence upon which the Government relies support the
notion that the conditions of probation severely limiting
Appellant's computer and Internet access, requiring him

12

1    to submit to extensive counseling and treatment,
2    including physiological testing of a nature typically
3    reserved for those convicted of sexual offenses, and
4    other conditions limiting his contact with minors and
5    subjecting him to search of his belongings in order to
6    search for child pornography or child erotica, are
7    necessary to rehabilitate him or protect the public.

8
9                    **V.   CONCLUSION**
10        Accordingly, for the reasons set forth above, the
11   Court grants the appeal from the special conditions of
12   probation numbers 4, 6, and 10 through 16, and orders the
13   sentence vacated as to those conditions and the case
14   remanded to the Magistrate Judge for resentencing.

15
16
17
18   Dated:  March 18, 2011      _____
19                                    VIRGINIA A. PHILLIPS
20                               United States District Judge
21
22
23
24
25
26
27
28

                                13